UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERALD SPAYDE                                CIVIL ACTION

VERSUS                                       NO: 06-7664

AMERICAN SECURITY INSURANCE                  SECTION: J(1)
COMPANY

**ORDER AND REASONS**

Before the Court is Defendant American Security Insurance Company's **Motion to Dismiss (Rec. Doc. 25)** pursuant to Fed. R. Civ. P. 37(b)(2).  This motion, which is opposed, was set for hearing on February 6, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be denied.

**Background Facts**

Plaintiff's claims arise out of damages sustained as a result of Hurricane Katrina.  Plaintiff originally filed suit against Defendant in state court in the Parish of St. Tammany.  Defendant subsequently removed under this Court's diversity jurisdiction on October 10, 2006.  Pursuant to the original Scheduling Order, the Final Pretrial Conference was set for October 18, 2007 and Jury Trial for November 13, 2007.

Defendant attempted to confer with Plaintiff's counsel regarding discovery on two occasions without success until July 27, 2007, when Plaintiff agreed to respond to propounded discovery and Defendant's inspection requests.  By this time, Defendant had filed a Motion to Compel, but agreed to reset hearing on the Motion until August 29, 2007.  As Plaintiff provided no responses to discovery or any inspection dates, this Court granted in part Defendant's Motion to Compel Discovery.

Upon Plaintiff's failure to provide responses following this Court's order to do so, Defendant filed a Motion to Dismiss, or in the alternative, Motion to Continue Trial (Rec. Doc. 21).  This Court granted the motion to continue trial (Rec. Doc. 23), setting the new trial date for April 28, 2008.  At this point, Plaintiff's counsel again agreed to provide responses to discovery and to allow inspection of the property.

However, no responses were provided and the property at issue still has not been made available for inspection as of the filing of the instant motion to dismiss by Defendant.

### **The Parties' Arguments**

In support of its motion to dismiss, Defendant argues that dismissal with prejudice is an appropriate sanction as Plaintiff has yet to appropriately respond to court-ordered discovery and has not permitted inspection of the property.

In opposition, Plaintiff states that he has answered Defendant's discovery requests.  Responses were provided to Defendant simultaneously with the filing of Plaintiff's

opposition to Defendant's motion to dismiss.  Furthermore, Plaintiff's counsel has agreed to allow inspection of the damaged property.

In response, Defendant argues that the discovery responses provided were those of Hai Nguyen Quang, a person alleged to have a Power of Attorney signed by Gerald Spayde and who has the "authority to act on his behalf," not Plaintiff, which fails to comply with this Court's Order or Rule 33 of the Federal Rules of Civil Procedure.  Moreover, the discovery deadline remains March 3, 2008 and the trial is set for April 28, 2008, which are too soon to allow preparation of a sufficient defense.

In reply, Plaintiff states that the Power of Attorney signed by Plaintiff created "difficulty in contacting the[] parties to properly prepare for all the answers to discovery."  Now that the answers have been provided, Plaintiff's counsel submits that he is agreeable to extending the discovery cut off deadline, or in the alternative, to continuing the trial, to facilitate a fair resolution of this case.

### Discussion

Federal Rules of Civil Procedure 37(b)(2)(A)(v) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include . . . (v) dismissing the action or proceeding in whole or in part . . . .

According to Fifth Circuit jurisprudence, dismissal of a

3

disobedient party's action with prejudice is a sanction of last resort, applicable only in extreme circumstances.  Thomas v. U.S., 531 F.2d 746, 749 (5th Cir. 1976).  The broad discretion of the district court is not unlimited.  Id.  Consideration must be given to such factors as good faith, willful disobedience, gross indifference to the rights of the adverse party, deliberate callousness or gross negligence.  Id. citing Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858 (5th Cir. 1970).

Because Plaintiff has since provided Defendant with its answers to all discovery requests and has agreed to make the property at issue available for inspection, dismissal is not warranted under these circumstances.  However, the Court expects deadlines to be followed and future failures may result in appropriate sanctions.

The Court also determines that certain deadlines should be extended so as to allow Defendant sufficient time to prepare a defense in this matter.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 25)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the discovery deadline is hereby **EXTENDED** from March 3, 2008 until **March 17, 2008.**

**IT IS FURTHER ORDERED** that Defendant be and is hereby granted a thirty day extension, or until **March 5, 2008** to serve its expert reports on counsel for Plaintiff.

New Orleans, Louisiana, this 12th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE