```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GERALD SPAYDE                             CIVIL ACTION

VERSUS                                    NO: 06-7664

AMERICAN SECURITY INSURANCE               SECTION: J(1)
COMPANY
```

## ORDER AND REASONS

Before the Court is Defendant American Security Insurance Company's **Motion for Summary Judgment (Rec Doc. 39)**. This motion, which is opposed, is set for hearing on April 2, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted.

### Background Facts

Plaintiff's claims arise out of damages sustained as a result of Hurricane Katrina. Plaintiff originally filed suit against Defendant in Louisiana state court in the Parish of St. Tammany. Defendant subsequently removed under this Court's diversity jurisdiction on October 10, 2006.

**The Parties' Arguments**

In its motion, Defendant seeks a ruling denying Plaintiff recovery under the policy issued by Defendant.  According to Defendant, as to the lender-placed policy, the named insured--not Plaintiff but the holder of the mortgage, or Green Tree Servicing, L.L.C. ("Green Tree")--was authorized to release all claims related to the property at issue.  Plaintiff was an additional insured.

Defendant cites to the language of the policy which provides specifically that the "Named Insured Mortgagee is authorized to act for such Additional Insured [Plaintiff] in all matters pertaining to this Insurance . . . . Loss if any shall be adjusted with and payable to the . . . Named Insured Mortgagee, and the Additional Insureds as their interests may appear . . . ."  Furthermore, Green Tree had a direct claim to the insurance proceeds up to the amount necessary to cover that obligation secured by the mortgage.[1]  See Hussain v. Boston Old Colony Ins. Co., 311 F.3d 623, 642 (5th Cir. 2002).

According to Defendant, it timely inspected Plaintiff's home at the request of the holder of the mortgage/named insured (Green Tree), timely adjusted the claims on the property, and entered into an agreement with Green Tree in full payment of all claims

---

[1] The mortgage had an outstanding balance of $144,146.69. Green Tree agreed to payment of $12,659.82 in full settlement of any claims by Green Tree for loss or damage to the property.

2

related to Hurricane Katrina, at which point Green Tree granted a full release to Defendant.

Defendant also argues that the assignment of Plaintiff's rights to Hai Nguyen Quang, a person alleged to have a Power of Attorney as to Plaintiff and who has the "authority to act on his behalf" regarding Plaintiff's claims against Defendant herein, is in violation of both the policy provisions and the Louisiana Civil Code, as Defendant did not give its written consent to the assignment (and in fact had no knowledge of the assignment until January 2008).

In opposition, Plaintiff gives a factual background of the case to explain the difficulties associated with locating the original Plaintiff and Plaintiff's granting of a Power of Attorney to Mr. Nguyen.  However, noticeably absent from the opposition is any response to the substantive arguments put forth by Defendant.

## **Discussion**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific

material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Under Louisiana law, "[w]ords and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning." Edwards v. Daugherty, 883 So. 2d 932, 940-41 (La. 2004). "If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." Id.

Based on the clear language of the policy authorizing Green Tree to act for the Additional Insured, or Plaintiff in this case, and accept payment of the insurance proceeds, Green Tree acted within its authority under the policy in releasing all claims as to itself and as to Plaintiff as an Additional Insured under the policy. As a result, this Court determines that there are no genuine issues of material fact precluding summary judgment in this matter. Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec Doc. 39)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion for Leave of Court to File Supplemental Memorandum in Support of Motion for Summary Judgment (Rec. Doc. 44)** is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Leave to Substitute Exhibit "C" in Connection with Complainant's**

**Memorandum in Opposition to Defendants Motion for Summary Judgment (Rec. Doc. 48)** is hereby **GRANTED.**

New Orleans, Louisiana, this 28th day of March, 2008.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE